UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA )  CASE NO. 08 Cr. 365
)
v. )
) AFFIDAVIT IN SUPPORT OF
) REQUEST FOR EXTRADITION
)
VIKTOR BOUT, )
  a/k/a "Boris," )
  a/k/a "Victor Anatoliyevich Bout,")
  a/k/a "Victor But," )
  a/k/a "Viktor Budd," )
  a/k/a "Viktor Butt," )
  a/k/a "Viktor Bulakin," )
  a/k/a "Vadim Markovich Aminov," )
)
        Defendant. )
)

---

I, BRENDAN R. MCGUIRE, being duly sworn, depose and state:

1. I am a citizen of the United States of America, working in New York, New York.

2. In May 2002, I received a Juris Doctor degree from New York University Law School. I was admitted to the bar of the State of New York in 2003.

3. From September 2005 to the present, I have been employed as an Assistant United States Attorney in the United States Attorney's Office for the Southern District of New York. My duties include the prosecution of persons charged with violations of the criminal laws of the United States.

4. During my tenure in the Office of the United States Attorney, I have participated in the investigation and/or

trial of numerous cases involving violations of the criminal laws of the United States. Based upon my training and experience, I am fully familiar with the criminal laws and procedures of this District and of the United States, as well as the extradition laws of the United States. In particular, I am fully familiar with the provisions of the "Treaty Between The Government Of The United States Of America And The Government Of The Kingdom Of Thailand Relating To Extraditions," which was signed in Washington, D.C., on December 14, 1983, and entered into full force and effect on May 17, 1991.

5. In connection with my duties as an Assistant United States Attorney, I have been involved in the investigation and Indictment of the criminal case entitled <u>United States v. Viktor Bout</u>, a/k/a "Boris," a/k/a "Victor Anatoliyevich Bout," a/k/a "Victor But," a/k/a "Viktor Budd," a/k/a "Viktor Butt," a/k/a "Viktor Bulakin," a/k/a "Vadim Markovich Aminov," Criminal No. 08 Cr. 365, and I am familiar with the charges and the evidence connected with this matter.

6. The basis for this extradition request for VIKTOR BOUT, a/k/a "Boris," a/k/a "Victor Anatoliyevich Bout," a/k/a "Victor But," a/k/a "Viktor Budd," a/k/a "Viktor Butt," a/k/a "Viktor Bulakin," a/k/a "Vadim Markovich Aminov," (hereinafter "BOUT") in this case is an Indictment returned on April 24, 2008, by a grand jury in the Southern District of New York, empaneled

2

under the laws of the United States, alleging that BOUT violated federal laws of the United States. This Indictment is the charging document that contains the United States' charges against BOUT. A certified true and accurate copy of that Indictment, United States v. Viktor Bout, a/k/a "Boris," a/k/a "Victor Anatoliyevich Bout," a/k/a "Victor But," a/k/a "Viktor Budd," a/k/a "Viktor Butt," a/k/a "Viktor Bulakin," a/k/a "Vadim Markovich Aminov," Crim. No. 08 Cr. 365 is attached hereto as EXHIBIT 1.

  7. Based upon this Indictment, a Warrant for Arrest was issued by the United States District Court for the Southern District of New York, by Magistrate Judge Douglas F. Eaton on April 24, 2008, authorizing the arrest of BOUT. Magistrate Judge Eaton is authorized and empowered under the laws of the United States to issue Arrest Warrants. A certified true and accurate copy of the Warrant for Arrest for BOUT is attached hereto as EXHIBIT 2.

  8. Copies of all of the documents listed in paragraphs 6 and 7 (EXHIBITS 1-2) were certified by the Clerk of the Court of the United States District Court for the Southern District of New York. The Clerk of the Court is an officer of the Court and is authorized under the laws of the United States to certify court documents, such as the Indictment and Warrant for Arrest, to be true and accurate copies of the originals. The

certified copies bear the seal of the United States District Court for the Southern District of New York. I have seen the Indictment and Warrant for Arrest and I attest that the attached copies are true and accurate copies of the originals.

     9.    In the Indictment, BOUT is charged in four different counts.[1] I attest that the specific violations charged in the Indictment and in the Warrant for Arrest are as follows:

     a.    Count One charges that from in or about November 2007 through and including in or about March 2008, BOUT conspired to kill United States nationals, in violation of Title 18, United States Code, Section 2332(b);

     b.    Count Two charges that from in or about November 2007 through and including in or about March 2008, BOUT conspired to kill officers and employees of the United States, in violation of Title 18, United States Code, Sections 1114 and 1117;

     c.    Count Three charges that from in or about November 2007 through and including in or about March 2008, BOUT conspired to acquire and use anti-aircraft missiles, in violation of Title 18, United States Code, Sections 2332g; and

     d.    Count Four charges that from in or about

---

[1] In addition, the Indictment includes a forfeiture count under Title 18, United States Code, Section 981(a)(1)(G) and Title 28, United States Code, Section 2461(c) seeking from BOUT the forfeiture of all assets derived from, involved in, and used to commit a Federal crime of terrorism against the United States.

4

November 2007 through and including in or about March 2008, BOUT conspired to provide material support or resources to a foreign terrorist organization, in violation of Title 18, United States Code, Section 2339B.

10. Several statutes are cited in the Indictment and the Warrant for Arrest. BOUT's alleged violations of these statutes form the basis of this request for extradition. The relevant statutes are as follows: Title 18, United States Code, Sections 2332(b), 1114, 1117, 2332g, 2339B, and 3238.

Pertinent sections of these statutes are set forth below:

### Title 18, United States Code, Section 2332(b) - Attempt or conspiracy with respect to homicide

> Whoever outside the United States attempt to kill, or engaged in a conspiracy to kill, a national of the United States shall . . . (2) in the case of a conspiracy by two or more persons to commit a killing that is a murder as defined in section 1111(a) of this title, if one or more of such persons do any overt act to effect the object of the conspiracy, be fined under this title or imprisoned for any term of years or for life, or both so fines and so imprisoned.

### Title 18, United States Code, Section 1114 - Protection of officers and employees of the United States

> Whoever kills or attempts to kill any officer or employee of the United States or of any agency in any branch of the United States government (including any member of the uniformed services) while such officer or employee is engaged in or on account of the performance of official duties, or any person assisting such an officer or employee in the performance of such duties or on account of that assistance shall [be guilty of an offense.]

### Title 18, United States Code, Section 1117 - Conspiracy to murder

5

If two or more persons conspire to violate section . . . 1114 . . . of this title, and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life.

Title 18, United States Code, Section 2332g - Missile systems designed to destroy aircraft

(a) Unlawful conduct.

(1) In general — Except as provided in paragraph (3), it shall be unlawful for any person to knowingly produce, construct, otherwise acquire, transfer directly or indirectly, receive, possess, import, export, or use, or possess and threaten to use—

(A) an explosive or incendiary rocket or missile that is guided by any system designed to enable the rocket or missile to—

(I) seek or proceed toward energy radiated or reflected from an aircraft or toward an image locating an aircraft;

(ii) otherwise direct or guide the rocket or missile to an aircraft;

(B) any device designed or intended to launch or guide a rocket or missile described in subparagraph (A); or

(C) any part or combination of parts designed or redesigned for use in assembling or fabricating a rocket, missile, or device described in subparagraph (A) or (B).

. . .

(3) Excluded conduct — This subsection does not apply with respect to—

(A) conduct by or under the authority of the United States or any department or agency thereof or of a State or any department or agency thereof; or

(B) conduct pursuant to the terms of a contract with the United States or any department or agency

>       thereof or with a State or any department or
>       agency thereof.
>
> (b) Jurisdiction. Conduct prohibited by subsection (a) is within the jurisdiction of the United States if –
>
>       (1) the offense occurs in or affects interstate or foreign commerce;
>
>       . . .
>
>       (3) the offense is committed against a national of the United States while the national is outside the United States;
>
>       (4) the offense is committed against any property that is owned, leased, or used by the United States or by any department or agency of the United States, whether the property is within or outside the United States;
>
>       . . .
>
> (c) Criminal penalties.
>
>       (1) In general. Any person who violates, or attempts or conspires to violate, subsection (a) shall be fined not more than $2,000,000 and shall be sentenced to a term of imprisonment not less than 25 years or to imprisonment for life.

Title 18, United States Code, Section 2339B – Providing material support or resources to designated foreign terrorist organizations.

> (a) Prohibited activities.
>
>       (1) Unlawful conduct. Whoever knowingly provides material support or resources to a foreign terrorist organization, or attempts or conspires to do so, shall be fined under this title or imprisoned not more than 15 years, or both, and, if the death of any person results, shall be imprisoned for any term of years or for life. To violate this paragraph, a person must have knowledge that the organization is a designated terrorist organization (as defined in subsection (g)(6)), that the organization has engaged or engages in terrorist activity (as defined in section

7

212(a)(3)(B) of the Immigration and Nationality Act), or that the organization has engaged or engages in terrorism (as defined in section 140(d)(2) of the Foreign Relations Authorization Act, Fiscal Years 1988 and 1989).

. . .

(d) Extraterritorial jurisdiction.

    (1) In general. There is jurisdiction over an offense under subsection (a) if —

      . . .

      (C) after the conduct required for the offense occurs an offender is brought into or found in the United Stats, even if the conduct required for the offense occurs outside the United States;

      (D) the offense occurs in whole or in part within the United States; [or]

      (E) the offense occurs in or affects interstate or foreign commerce.

    (2) Extraterritorial jurisdiction. There is extraterritorial Federal jurisdiction over an offense under this section.

Title 18, United States Code, Section 3238. Offenses not committed in any district.

The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought . . .

    11. The sentences that can be imposed upon conviction for the offenses described in paragraphs 8(a) through 8(d) above are as follows:

        a. Count One (conspiracy to kill U.S. nationals) is punishable with a maximum sentence of life imprisonment and a

8

fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18. In addition to any term of imprisonment, the court may impose a term of "supervised release" of no more than five years, to begin after release from prison;

        b.    Count Two (conspiracy to kill U.S. officers and employees) is punishable with a maximum sentence of life imprisonment and a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18. In addition to any term of imprisonment, the court may impose a term of "supervised release" of no more than five years, to begin after release from prison;

        c.    Count Three (conspiracy to acquire and use anti-aircraft missiles) is punishable with a mandatory minimum term of imprisonment of 25 years, a maximum sentence of life imprisonment, and a fine of no more than $2,000,000. In addition to any term of imprisonment, the court may impose a term of "supervised release" of no more than five years, to begin after release from prison;

        d.    Count Four (conspiracy to provide material support or resources to a foreign terrorist organization) is punishable with a maximum sentence of 15 years' imprisonment. In addition to any term of imprisonment, the court may impose a term of "supervised release" of no more than three years, to begin

after release from prison.

12. Title 18, United States Code, Section 3286, sets forth the statute of limitations governing prosecutions of the offenses charged in the Indictment. This Section provides:

> Notwithstanding section 3282, no person shall be prosecuted, tried, or punished for any noncapital offense involving [certain terrorism offenses, including Sections 2332(b), 1114, 1117, 2332g, 2339B, and 3238 of Title 18, United States Code], unless the indictment is found or the information is instituted within 8 years after the offense was committed.

The criminal offenses charged in the Indictment in this case occurred between in or about November 2007 and March 2008. Since the Indictment was returned in April 2008, prosecution on this offense is not barred by the statute of limitations.

13. The above-cited provisions of Title 18, United States Code, and the above-cited provision of Title 18 that sets forth the statute of limitations, were the laws of the United States when the offense was committed, were the laws of the United States when the Indictment was returned and the Arrest Warrant was issued, and are presently in full force and effect.

14. I attest that the offenses charged in the Indictment and set forth in the Warrant for Arrest are offenses for which extradition may be granted under the laws of the United States. I further attest that BOUT will not be prosecuted for

10

crimes other than those charged in the Indictment and which form the basis for this extradition request.

## SUMMARY OF THE EVIDENCE

15. As set forth above, BOUT is charged with various violations of United States laws.

16. As described in greater detail in the original Affidavit, with annexed exhibit, of Special Agent Christine A. Hanley, BOUT conspired to provide military-grade weapons, including surface-to-air missiles, to the FARC, which has been and is an international terrorist group located principally in South America. In so doing, BOUT understood that the weapons that he agreed to supply would be used, among other things, to kill U.S. nationals and American Air Force pilots.

17. A summary of the United States Government's evidence in support of this extradition request is contained in the annexed documents, which are incorporated by reference to this affidavit:

   a. EXHIBIT 1: A certified true and accurate copy of Indictment Crim. No. 08 Cr. 365, entitled <u>UNITED STATES v. VIKTOR BOUT, a/k/a "Boris," a/k/a "Victor Anatoliyevich Bout," a/k/a "Victor But," a/k/a "Viktor Budd," a/k/a "Viktor Butt," a/k/a "Viktor Bulakin," a/k/a "Vadim Markovich Aminov,"</u>;

b.   EXHIBIT 2: A certified true and accurate copy of the Warrant for Arrest issued against BOUT upon the Indictment; and

c.   EXHIBIT 3: The original Affidavit, with annexed exhibit, of Special Agent Christine A. Hanley.

18.   It is the custom and practice of the federal court in this district to require that original documents, such as Indictments and Arrest Warrants, rather than copies, be filed with the court and maintained in the court's files. Accordingly, I have not included original documents as exhibits, where such documents are to be filed with the court. Instead, I have attached certified copies of these documents. I attest that I have seen the original documents and I attest that the copies attached to the affidavit are true and accurate copies of these original documents.

19.   On April 28, 2008, Special Agent Christine A. Hanley appeared before United States Magistrate Judge James C. Francis IV of the Southern District of New York and swore under oath to the truth of her affidavit. I certify that the affidavit of the aforementioned witness is an original affidavit, and that a United States Magistrate Judge is authorized under the laws of the United States to administer oaths and that false swearing under such oath constitutes a criminal act of perjury.

## CONCLUSION

20. Based on the foregoing, the United States of America respectfully requests that VIKTOR BOUT, a/k/a "Boris," a/k/a "Victor Anatoliyevich Bout," a/k/a "Victor But," a/k/a "Viktor Budd," a/k/a "Viktor Butt," a/k/a "Viktor Bulakin," a/k/a "Vadim Markovich Aminov," be extradited to the United States of America, Southern District of New York, for prosecution of the above offenses.

Dated:   April 28, 2008
         New York, New York
         United States of America

_____
Brendan R. McGuire
Assistant U.S. Attorney
Southern District of New York


I hereby certify that this is the original affidavit sworn to and subscribed to before me, in English, by BRENDAN R. MCGUIRE on April 28, 2008 in New York, New York, United States of America.

s/ James C. Francis IV
_____
THE HONORABLE JAMES C. FRANCIS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

13