UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------X
UNITED STATES OF AMERICA,        :
                                 :
                    Plaintiff,   :
                                 :           **NOTICE OF MOTION**
        -against-                :
                                 :           08-CR-365 (SAS)
VIKTOR BOUT,                     :
                                 :
                    Defendant.   :
-----------------------------------------------X

PLEASE TAKE NOTICE, that upon the annexed affirmation of Albert Y. Dayan, Esq., the annexed affidavit of Victor Bout, the accompanying Memorandum of Law, and all papers filed heretofore, defendant Viktor Bout will move this Court, before the Honorable Shira A. Scheindlin, United States District Judge, Southern District of New York, at the United States Courthouse, 500 Pearl Street, New York, New York, at June 30, 2011 at a time to be set by the Court for an Order:

(1) dismissing the indictment due to a violation of the defendant's Fifth Amendment right to due process of law;

(2) dismissing Counts One through Four of the indictment as the government lacks of extraterritorial jurisdiction;

(3) dismissing Count Two as the statute does not provide for extraterritorial jurisdiction over criminal acts occurring outside the United States;

(4) dismissing Count Three because there is no jurisdiction over a defendant who did not conspire with someone who committed the substantive violation of the statute, and because the alleged conduct is excluded from prosecution;

(5) suppressing of the statements taken by federal agents from defendant Bout subsequent to his arrest in violation the due process clause of the Fifth Amendment, Miranda v. Arizona, 384 U.S. 436 (1966) and 18 U.S.C. §3501; and

(6) striking surplusage under Rule 7(d), Fed.R.Crim.P., as irrelevant and highly prejudicial; and

(7) for such other and further relief as to this Court may seem just and proper.

Dated:      New York, New York
              April 18, 2011

                                              _____
                                              Albert Y. Dayan, Esq. (AYD-5222)
                                              Law Offices of Albert Y. Dayan
                                              80-02 Kew Gardens Road, Suite #902
                                              Kew Gardens, New York 11415
                                              (718) 268-9400
                                              Attorney for Defendant
                                              Viktor Bout


TO:    Brendan R. McGuire, Esq.
         Guruanjan Sahni, Esq.
         Assistant U.S. Attorneys
         One St. Andrew's Plaza
         New York, New York 10007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
UNITED STATES OF AMERICA,                :

                                                    :  **AFFIRMATION OF**
    -against-                     :  **ALBERT Y. DAYAN**

                                                    :  **08-CR-365 (SAS)**

VIKTOR BOUT,                             :

                Defendant.         :
------------------------------------------------X

      ALBERT Y. DAYAN, an attorney duly admitted to practice in the United States District Court for the Southern District of New York, hereby affirms under the penalties of perjury as follows:

      1. I am an attorney with offices at 80-02 Kew Gardens Road, Kew Gardens, New York, counsel for defendant Viktor Bout, and am fully familiar with the facts and circumstances herein.

      2. This affirmation is respectfully submitted in support of Mr. Bout's pre-trial motions for: (a) dismissing the indictment due to a violation of the defendant's Fifth Amendment right to due process of law; (b) dismissing Counts One through Four of the indictment as the government lacks of extraterritorial jurisdiction; (c) dismissing Count Two as the statute does not provide for extraterritorial jurisdiction over criminal acts occurring outside

the United States; (d) dismissing Count Three because there is no jurisdiction over a defendant who did not conspire with someone who committed the substantive violation of the statute, and because the alleged conduct is excluded from prosecution; (e) suppressing of the statements taken by federal agents from defendant Bout subsequent to his arrest in violation of the due process clause of the Fifth Amendment, <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966) and 18 U.S.C. §3501; and (f) striking surplusage under Rule 7(d), Fed.R.Crim.P., as irrelevant and highly prejudicial.

### The Indictment

3. The indictment, attached hereto as Exhibit "A," filed against Mr. Bout on April 24, 2008 contains four counts, alleging activity between November 2007 and March 2008.

4. The first count charges that Mr. Bout, an alleged arms dealer, conspired to provide the Fuerzas Armadas Revolucionarias de Colombia (hereinafter "FARC") in Colombia, South America with weapons that would be used, *inter alia*, to kill nationals of the United States in violation of to kill nationals of the United States in violation of 18 U.S.C. §§2332b and 3238. The charges are essentially based on several meetings that Viktor Bout's alleged co-conspirator, Andrew Smulian, had with United States Drug Enforcement Agency (hereinafter "DEA") confidential paid sources (hereinafter "undercover operatives"), in the Netherlands Antilles,

Denmark and Romania, a meeting Smulian and defendant Bout had with the undercover operatives, masquerading in the role of members of the FARC, in Thailand, as well telephone conversations and emails.

5. Count Two alleges that Viktor Bout conspired with others to provide the FARC with weapons that would be used, *inter alia*, to kill officers and employees of the United States in violation of 18 U.S.C. §1114. Count Three alleges that Viktor Bout conspired to provide the FARC with anti-aircraft missiles that would enable the FARC to attack United States aircraft in Colombia in violation of 18 U.S.C. §2332g. Count Four alleges that Viktor Bout conspired to provide the FARC with weapons knowing that the FARC had engaged in and was going to engage in terrorist activities and terrorism, specifically to attack United States' interests in violation of 18 U.S.C. §2339B.

## Background

6. The factual background in this case, based upon the indictment, complaint and a limited amount of discovery, is set forth in the accompanying memorandum of law. Essentially, Viktor Bout, a Russian national and an alleged international arms trader, who according to the indictment had essentially no connection to the United States, was pursued in a sting operation, "Operation Relentless," orchestrated by the United States Drug Enforcement Agency (hereinafter "DEA"). The sting operation appears to have resulted, in part, from

the focus on Mr. Bout by the United States Senate, the Treasury Department, and the Drug Enforcement Administration. See United States Senate documents annexed to the Notice of Pre-Trial Motions, as Exhibit "B."

7. According to the indictment, two paid undercover operatives of the DEA, acting as members of the FARC, in January 2008 contacted Andrew Smulian, an alleged co-conspirator and business associate of Mr. Bout's, and over a period of a couple of months, tried to arrange for the sale of weapons and their transportation to Colombia for the FARC. These efforts culminated in an approximately two-hour meeting with Bout and Smulian in Bangkok, Thailand on March 6, 2008, which was recorded. See select pages of transcript of March 6, 2008 meeting, attached hereto as Exhibit "C."

8. At the conclusion of that meeting, Bout and Smulian were arrested. See Report of Investigation, dated April 8, 2008, attached hereto as Exhibit "D" and Affidavit of Viktor Bout, dated April 12, 2011, attached hereto as Exhibit "E."

9. Mr. Bout was transferred to Bangkok police headquarters, where after being read his Miranda rights, he was interrogated by approximately six American agents. Mr. Bout made several statements in response to those questions.

### Lack of Due Process and "Manufactured Jurisdiction"

10. As described more fully in the accompanying memorandum of law, Mr. Bout is a Russian citizen who has never previously been to the United States and,

4

according to the indictment, is not alleged to have any contacts with the United States. In this case, although Mr. Smulian met and communicated with the undercover operatives in their roles as members of FARC, Mr. Bout never met with them before the March 6, 2008 meeting in Bangkok, Thailand, and communicated with them approximately six times. Their conversations included general discussions about an arms deal and a proposed meeting place. Exhibit "A," Indictment at Count One, ¶¶8(m), (x), (z), and (bb).

11. There is no allegation in the indictment that before the meeting in Bangkok, Mr. Bout was advised that the weapons would be used to harm or kill United States nationals or the interests of the United States government, and agreed with such purposes.

12. At the March 6th meeting in Bangkok with Bout, Smulian and the two undercover operatives posing as member of the FARC, the undercover operatives expressed hostility towards America, and desire to kill American pilots. Exhibit "C" at pages 255, 273, 328-329. In response to those statements, Mr. Bout expressed sympathy for their fight. Id. at 273 and 328-329.

13. Based on these two responses, the government apparently will claim that jurisdiction over Mr. Bout exists for the violations of law set forth in Counts One – Four. This alleged activity ostensibly supports the claim of jurisdiction in the indictment. However, since Mr. Bout's statements were entirely orchestrated

by the undercover operatives, it violates the due process of law under the Fifth Amendment, and therefore the indictment must be dismissed.

### Count Two, Alleging A Violation of 18 U.S.C. §1114, Does Not Allow For Extraterritorial Jurisdiction

14. The plain language of Title 18, U.S.C. §1114, does not include a provision for extraterritorial jurisdiction. Furthermore, comparison to other statutes set forth in Chapter 51 of Title 18, demonstrates that Congress did not intend to provide for extraterritorial jurisdiction in §1114. Since the alleged activity in Count Two is confined to Colombia, solely outside the United States, Count Two must be dismissed for lack of jurisdiction.

### Count Three, Allows for Jurisdiction Only Over A Conspirator If He Has Conspired with Someone Who Has Committed the Substantive Offense

15. Title 18 U.S.C. §2332g, Missile Systems Designed to Destroy Aircraft, by its plain language, only provides for jurisdiction over a coconspirator under 18 U.S.C. §2332g(b)(5) if he or she has conspired with someone who allegedly committed the substantive offense. In Count Three at ¶8(i-j, n-o, s) it is alleged that Mr. Bout conspired with Mr. Smulian to violate this statute.

16. Mr. Smulian, however, in a separate information in this court, United States v. Andrew Smulian, 08-CR-711 (RJS), attached hereto as Exhibit "F," covering the same alleged activities, is also only charged with conspiring to violate this statute. Since there is no overt act in the indictment in which Mr. Bout has

allegedly conspired with someone who allegedly has committed the substantive offense of violating 18 U.S.C. §2332g, this count must be dismissed for lack of jurisdiction.

### The Conduct Alleged in Count Three Is Excluded from Prosecution

17. Title 18 U.S.C. §2332(g)(a)(3) excludes conduct that does not apply with respect to that undertaken under the authority of the United States or any department or agency thereof. As alleged in the indictment, the undercover operatives, operating with the authority of the United States Drug Enforcement Administration, solicited anti-aircraft missiles from Mr. Bout. Since this conduct was under the authority of an agency of the United States, it is excluded from prosecution, and therefore this count must be dismissed.

### Suppression of Statements

18. As is set forth in the accompanying Report of Investigation dated March 21, 2008, Exhibit "D," and the Bout Affidavit, Exhibit "E," Mr. Bout was arrested on March 6, 2008, by approximately fifteen to twenty police officers with their weapons drawn, who strip-searched him, searched his room, and brought him to Bangkok police headquarters where he was met by forty to fifty members of the media before he was brought inside. Exhibit "D" at ¶1 and Exhibit "E" at ¶¶2-6.

19. Before being questioned by six or seven American agents, Exhibit "E" at ¶5, Mr. Bout advised them that "he was not in a very good state of mind," and

that "he may need some more time to think before talking." Exhibit "D" at ¶4-5. Nevertheless, they proceeded to interrogate Mr. Bout, and threatened that he would be "left in Thai custody," in a "Thai jail," where he would be subject to "heat, hunger, disease and rape" if he did not speak with them. Exhibit "E" at ¶¶7-10.

20. As the statements subsequently made by Mr. Bout to the American agents were involuntary under the Fifth Amendment right against self-incrimination, they must be suppressed.

### Surplusage

21. The indictment contains allegations against Mr. Bout, including, *inter alia*, that he, "engaged in weapons trafficking activities in Liberia," was placed on the "Specially Designated Nationals List," "assembled a fleet of cargo planes capable of transporting weapons and military equipment to various parts of the world, including . . . the Middle East" and that he was the "Merchant of Death." Exhibit "A" at Count One, ¶¶1, 2, 8(g). As these allegations are not relevant to the crimes charged, and are inflammatory and prejudicial, they must be stricken from the indictment under Rule 7(d), Federal Rules of Criminal Procedure.

WHEREFORE, your deponent respectfully requests, on behalf of defendant Bout, that his pre-trial motion be granted in its entirety for the reasons set forth in the accompanying Memorandum of Law.

DATED:  New York, New York
        April 18, 2011

                                          Yours, etc.,

                                          _____
                                          Albert Y. Dayan